## Commonwealth v. Zayac

*E. Stroud Weber*, district attorney, and *Bernard E. Di Joseph* and *J. William Ditter*, assistant district attorneys, for Commonwealth.

*Louis Sager*, for defendant.

CORSON, J., April 15, 1954.—From the argument in this case it would appear that defendant, Susan Zayac, was the holder of a gun at the time such gun went off and killed defendant's husband. Defendant, through her counsel, has filed a petition seeking permission to have an expert, in the presence of defendant's counsel, inspect such gun and any other guns that may have been taken from the Zayac home after defendant's husband was shot.

The matter has now been argued before the court en banc upon petition, rule, and answer by the district attorney.

From the argument of counsel for defendant, we gather that the purpose of the desired inspection of the gun or guns in the possession of the district attorney is for counsel for defendant to see whether or not his client and other witnesses with whom he has conferred are telling the truth.

The question to be decided is whether or not this court has the power to, and should, direct the district attorney to allow such inspection to be made. As to the first, we have grave doubts whether or not the court of quarter sessions has any power to make the order sought upon the district attorney. Even if so, we seriously doubt whether a simple petition and rule is such original process as would allow an order to be made. Counsel for defendant contends that it is within the discretion of this court to make such an order. We feel, however, that upon the authority of two cases already decided in this court, such an order cannot be made. See Commonwealth v. McQuiston, 56 D. & C. 533 (1946) ; Commonwealth v. Sherman, 72 D. & C. 367 (1956).

And now, April 15, 1954, for the reasons given, the petition is dismissed and the rule granted thereon discharged.